MARK E. OVERLAND (State Bar No. 38375)
LAW OFFICES OF MARK E. OVERLAND
100 Wilshire Blvd., Ste. 950
Santa Monica, CA 90401
Telephone: (310) 459-2830
Facsimile: (213) 459-4621
Email: mark@overlaw.net
**Attorneys for Plaintiff**
**WILLIAM RAY ESPINOZA**

DOUGLAS G. GRAY (State Bar No. 37948)
LAW OFFICES OF DOUGLAS G. GRAY
5850 Canoga Ave #400
Woodland Hills, CA 91367
Telephone: (818) 888-7632
Facsimile: (818) 888-7427
Email: douglaw368434@aol.com
**Attorneys for Plaintiffs**
**ISABEL M. LOPEZ**
**WILLIAM ESPINOZA, JR.**
**ANGELA ESPINOZA**
**TERESA RICO**
**ISABEL LOPEZ**

## UNITED STATES DISTRICT COURT FOR THE CENTRAL

## DISTRICT OF CALIFORNIA

EDCV14-85 JGB(SPx)

| | |
|---|---|
| WILLIAM RAY ESPINOZA, ISABEL M. LOPEZ, WILLIAM ESPINOZA, JR., ANGELA ESPINOZA, TERESA RICO and ISABEL LOPEZ,<br><br>Plaintiffs,<br><br>v.<br><br>STANLEY SNIFF, an individual, COUNTY OF RIVERSIDE, RIVERSIDE COUNTY SHERIFF'S DEPARTMENT and DOES 1-10<br><br>Defendants. | CASE NO<br><br>**COMPLAINT FOR DAMAGES: 42 U.S.C. § 1983; NEGLIGENCE; JURY DEMAND.** |

## JURISDICTION

1. The Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and

COMPLAINT FOR DAMAGES AND JURY DEMAND

1343. The Court also has supplemental jurisdiction over the state claim pursuant to 28 U.S.C. § 1367. Plaintiffs bring this action pursuant to 42 U.S.C. §§ 1983 and 1988 and state negligence tort claims for relief.

## VENUE

2. Venue over Plaintiffs' claims is properly in the Central District of California because the incident which is the basis of the claims occurred in the County of Riverside and one or more of the defendants' principal place of business is in the County of Riverside, California. 28 U.S.C. §1391(b)(2). All acts causing the damages described herein occurred within the County of Riverside.

## THE PARTIES

3. Defendant, COUNTY OF RIVERSIDE (hereafter referred to as "COUNTY"), is a Chartered subdivision of the State of California, located in the Central District of California, with the capacity to sue and be sued.

4. Defendant, STANLEY SNIFF (hereafter referred to as "SNIFF") is AND was at all times mentioned herein, the Sheriff/Coroner of Riverside County and, on information and belief, a resident of the Central District of California. As Sheriff of Riverside County, SNIFF has ultimate supervision and management responsibility over the five jails, or correctional facilities in Riverside County, all managed by the Sheriff's Department Corrections Division. SNIFF was elected as Sheriff/Coroner in 2010 and took office in January 2011 for a full 4 year term.

5. Plaintiffs are informed and believe and thereon allege that defendants sued

herein as DOES 1 through 10, were, at all times mentioned herein, jailers, medical staff, mental health staff, employees and/or supervisors on duty at the Southwest Regional Detention Center in Murrieta, a facility of the Riverside County Sheriff's Department (hereinafter referred to as "RCSD"), assigned to the Riverside County Jail.

6. The true names of defendants DOES 1 through 10, inclusive, are not now known to Plaintiffs who therefore sue these defendants by such fictitious names. Upon ascertaining the true name of a DOE defendant, Plaintiffs will amend this complaint, or seek leave to do so, by substituting the true name for the alleged fictitious name.

7. Each DOE defendant is the agent of the other. Plaintiff alleges that each of the defendants named as a "DOE" was in some manner legally responsible for the acts and omissions alleged herein.

8. Plaintiffs WILLIAM RAY ESPINOZA, ISABEL M. LOPEZ, WILLIAM ESPINOZA, JR., ANGELA ESPINOZA, TERESA RICO and ISABEL LOPEZ are and were at all times herein mentioned, individuals residing in the Central District, State of California.

9. WILLIAM RAY ESPINOZA's date of birth is November 18, 1944.

10. Plaintiff ISABEL M. LOPEZ is the mother of plaintiff WILLIAM RAY ESPINOZA

11. Plaintiff WILLIAM ESPINOZA, JR. is the son of plaintiff WILLIAM RAY ESPINOZA.

12. Plaintiffs ANGELA ESPINOZA and TERESA RICO are the daughters of plaintiff WILLIAM RAY ESPINOZA.

13. Plaintiff ISABEL ESPINOZA is the niece of plaintiff WILLIAM RAY ESPINOZA and has maintained a close familial relationship with him throughout the years up to including the present time.

## PRELIMINARY ALLEGATIONS

14. At all times relevant herein, defendant COUNTY had a custom or policy enabling or establishing the actions, omissions, procedures and practices of its various agents and agencies, including the defendant RCSD"), and its agents and employees.

15. At all times relevant to the facts alleged herein, defendants COUNTY and RCSD were responsible for ensuring that the actions, omissions, policies, procedures, practices and customs of the RCSD and its employees and agents complied with the laws and the Constitution of the United States and of the State of California

16. At all times relevant herein, SNIFF was charged by law and was responsible with the administration of defendant RCSD and its employees, and for the supervision, training and hiring of persons, agents and employees working within said RCSD, including officers, deputies, medical staff, mental health staff and DOES 1 through 10, inclusive.

17. SNIFF is sued in his individual capacity as a supervisor for his own conscious indifference in the training, supervising, or controlling his subordinates, or for

his acquiescence in the constitutional deprivations which this Complaint alleges, or for conduct that showed a reckless or callous indifference to the rights of others in violation of the Eighth and Fourteenth Amendments to the Constitution of the United States.

18. SNIFF'S affirmative conduct includes, without limitation, his failure to enact, publish, and ensure enforcement of, policies, rules, regulations, customs or directives designed to protect the Plaintiff and other inmates similarly situated.

19. SNIFF's affirmative conduct proximately caused acts by others which he knew, or about which he was consciously indifferent, would inflict the constitutional harm alleged herein.

20. It was the duty and responsibility of some DOE defendants to monitor and/or protect inmates under their custody and control; to ensure that inmates did not harm other inmates; to maintain safety and security in the jail; and, to protect inmates from force and violence by other inmates.

21. SNIFF and some DOE defendants were responsible for the administration of the Southwest Regional Detention Facility, and/or the supervision of its deputies and employees.

22. SNIFF and the DOE defendants, jailers and/or supervisory officials at the time of the incident more specifically alleged below, are responsible for their actions or inactions relating to their duties to protect inmates under their custody and control and/or the training and supervision of their subordinates, or, for their acquiescence in the constitutional deprivations which this Complaint alleges, or

COMPLAINT FOR DAMAGES AND JURY DEMAND

for their own conduct that showed a reckless or callous indifference to the rights of those for whom they had a legal duty to provide security and safety.

23. The DOE defendants failed to ensure adherence to or enforcement of policies, rules, regulations, or directives, which they knew or reasonably should have known, would cause others to inflict the constitutional injuries alleged in this Complaint.

24. At all times material herein, each DOE defendant was acting as the employee, agent, and representative of defendant COUNTY and every other DOE defendant and within the course and scope of such employment and agency.

25. Defendant SNIFF and supervisory DOES 1 through 10, were at all times mentioned herein COUNTY employees. They were charged by law and were responsible for the supervision of deputies and employees under their command at RCSD, including those assigned to the Southwest Regional Detention Facility and, for the supervision, training and corrective actions of persons, deputies, agents, medical staff, mental and employees working under their command within RCSD and COUNTY.

26. Each of the defendants and DOE defendants caused and is responsible for the unlawful conduct and resulting harm by, either personally participating in the conduct, or acting jointly and in concert with others who did so by authorizing, acquiescing, condoning, acting, omitting or failing to take action to prevent the unlawful conduct; or, by failing to enact, or by promulgating or failing to promulgate, rules, regulations, policies, or procedures pursuant to which the

unlawful conduct occurred; or, by failing and refusing, with deliberate indifference to Plaintiff's rights, to initiate and maintain adequate supervision, security, training, compliance with duties and staffing; or, by ratifying and condoning the unlawful conduct performed by agents and officers, deputies, medical staff and employees under their direction and control.

27. Whenever reference is made in this Complaint to any act by defendants and DOE defendants, such allegations and references shall also be deemed to mean the acts and failures to act of each Defendants individually, jointly or severally.

## FIRST CLAIM FOR RELIEF FOR VIOLATION OF 42 U. S. C. § 1983 AGAINST INDIVIDUAL DEFENDANTS AND DOES 1-10

28. Plaintiffs restate the allegations of paragraphs 1 through 27 of this Complaint and incorporate them herein by reference as though fully set forth herein.

29. On November 14, 2013, Plaintiff WILLIAM RAY ESPINOZA (hereafter referred to as "ESPINOZA"), was an inmate serving a 90-day state imposed jail sentence at the Southwest Regional Detention Center, Murrieta, California, a Riverside County jail facility operated by RCSD.

30. The defendants, either intentionally or with conscious indifference to the safety and security of ESPINOZA, placed him in a two-person cell at the Southwest Regional Detention Center with inmate Joseph Alvarez (hereafter referred to as "Alvarez"). Alvarez was born on March 28, 1984, was approximately 40 years younger than ESPINOZA and had a history of mental illness, which included diagnosed schizophrenia.

31. Plaintiffs allege on information and belief that Alvarez also had either a documented history of violence or a propensity for violence.

32. On or about November 14, 2013, after ESPINOZA was placed in the cell with Alvarez, Alvarez assaulted and beat ESPINOZA with such force and violence, that ESPINOZA suffered and continues to suffer severe bodily injury, pain and suffering, resulting in his continuous hospitalization since that date. ESPINOZA is presently hospitalized, paralyzed, in a coma, minimally conscious with a severe brain injury resulting from the November 14, 2013 beating by Alvarez.

33. Defendants and DOES 1-10 knew and/or consciously disregarded, that ESPINOZA would be and/or was being assaulted by a mentally ill inmate with a history or propensity for violence, but they were deliberately indifferent to Plaintiff's security and protection, were consciously indifferent in ensuring his security, safety and were consciously indifferent in preventing violence and harm to him from another inmate under their custody and control.

34. Alvarez has been formally charged by the Riverside County District Attorney with the attempted murder of ESPINOZA. Charges are currently pending in the Superior Court of Riverside County.

35. The conduct of each of the defendants and DOE defendants 1-10, deprived ESPINOZA of his constitutional rights, including the right to reasonable custodial security, to be free from excessive force and to have access to medical care and treatment, all protected under the Eighth Amendment's prohibition against cruel and unusual punishment and the Fourteenth Amendment's right to

due process of law.

36. As a result of the actions or inactions of the individual Defendants and DOES 1-10, ESPINOZA suffered and continues to suffer severe physical trauma and injuries and pain and suffering. These injuries and damages are ongoing, and ESPINOZA continues to incur costs of hospitalization, medical, nursing and other treatment.

37. As a result of the above-described actions or inactions of the individual defendants and DOES 1-10, Plaintiffs ISABEL M. LOPEZ, WILLIAM ESPINOZA, JR., ANGELA ESPINOZA, TERESA RICO and ISABEL LOPEZ suffered violations of their First and Fourteenth Amendment due process rights to familial companionship, relationship and society with ESPINOZA, resulting in damages according to proof.

38. Pursuant to the provisions of 42 U.S.C, Section 1988, Plaintiffs are entitled to an award of reasonable attorneys' fees and costs according to proof.

39. Each individual defendant and theDOE Defendants acted recklessly, with conscious indifference to ESPINOZA's constitutional rights and should be assessed punitive damages, according to proof.

**SECOND CLAIM FOR RELIEF AGAINST COUNTY AND RCSD, FOR VIOLATION OF 42 U.S.C. §1983 BASED ON CUSTOM OR PRACTICE CAUSING CONSTITUTIONAL VIOLATIONS.**

40. Plaintiffs restate the allegations of paragraphs 1 through 39 of this Complaint and incorporate them herein by reference as though fully set forth herein.

41. At all times herein mentioned, Defendants COUNTY and RCSD maintained customs or practices that posed a substantial risk of serious harm to inmates under their custody and control, such as ESPINOZA.

42. COUNTY AND RCSD knew or were consciously indifferent to the following customs or practices that posed this risk of serious harm: (1) improper classification of inmates; (2) improper housing or assignment of inmates to locations within the jail; (3) inadequate monitoring of inmates; (4) inadequate supervision or training of custody deputies or employees in order to provide reasonable security to inmates; (5) failure to provide reasonable security and/or prevent abuse or physical injury of inmates by other inmates; and, (6) failure to supervise, investigate and take corrective actions with respect to incidents of failure to provide reasonable security resulting in inmate-on inmate violence. These customs or practices were the proximate cause of Plaintiffs' injuries.

43. Pursuant to the provisions of 42 U.S.C. section 1988, Plaintiffs are entitled to an award of reasonable attorneys' fees and costs, according to proof.

### THIRD CLAIM FOR RELIEF AGAINST
### SNIFF IN HIS INDIVIDUAL CAPACITY FOR
### VIOLATION OF 42 U.S.C. §1983 AND DOES 1-10, FOR
### FAILURE TO TRAIN AND SUPERVISE.

44. Plaintiffs restate Paragraphs 1 through 43 of this Complaint and incorporate the allegations therein by reference as though fully set forth herein.

45. SNIFF acted with deliberate indifference to the constitutional rights of persons

like ESPINOZA, who were in his custody, control and care.

46. SNIFF knew or was consciously indifferent to his subordinates' constitutional violations as set forth herein, including (1) improper classification of inmates; (2) improper housing or assignment of inmates to locations within the jail; (3) inadequate monitoring of inmates; (4) inadequate supervision or training of custody deputies or employees in order to provide reasonable security to inmates; (5) failure to provide reasonable security and/or prevent abuse or physical injury of inmates by other inmates; and, (6) failure to supervise, investigate and take corrective actions with respect to incidents of failure to provide reasonable security resulting in inmate-on inmate violence.

47. SNIFF, with conscious indifference to the consequences, failed to act to prevent this unconstitutional conduct by his subordinates and/or acquiesced, condoned or ratified a custom, practice or policy of unlawful and/or unconstitutional conduct by his subordinate deputies and supervisors.

48. SNIFF is sued in his individual capacity for his own culpable action or inaction in the training, supervision, or control of his subordinates, including the facility commanders, the watch commander, the floor supervisors, and/or for his acquiescence in the constitutional deprivations as alleged herein, and/or conduct exhibiting a reckless or conscious indifference to the rights of inmates such as ESPINOZA, in implementing or failing to implement, policies, procedures, rules or directives that would have prevented the constitutional harm to ESPINOZA alleged herein.

49. SNIFF's actions and/or inactions under his supervision and control proximately caused the constitutional violations alleged herein.

50. Plaintiffs are informed and believe and thereon allege that prior to November 14, 2013 and subsequent thereto, SNIFF and the supervisor DOE defendants knew or were consciously indifferent that sheriff deputies, custody personnel and supervisors, employed by RCSD, in the course and scope of their employment, committed similar acts of failure to provide reasonable security, failed to monitor inmates under their watch, failed to safeguard against inmate-on-inmate violence and improperly designated and/or housed inmates.

51. Plaintiffs are further informed and believe and thereupon allege that SNIFF and the supervisor DOE defendants were aware, or should have been aware and should have taken actions to ensure: (1) reasonable security to protect the security of inmates; (2) adequate monitoring of inmates; (3) prompt and proper medical and mental health care to inmates; (4) proper classification, and housing of inmates; and, (5) adequate protection of inmates against violence form other inmates.

52. As a result of these actions or inactions, SNIFF is liable in his personal capacity based upon his knowledge or deliberate indifference, go ther actions or inactions of deputies under his supervision and control, resulting in violations of the constitutional rights of inmates, such as ESPINOZA.

53. SNIFF's inaction in failing to investigate, train, or request disciplinary action of his subordinate deputies, constitutes acquiescence in the unconstitutional

conduct and is the proximate cause of Plaintiffs' injuries, for which SNIFF is liable.

54. As consequence of the actions of inactions of SNIFF and the DOE defendant supervisors, as described above, Plaintiffs were damaged and injured as alleged herein.

55. Pursuant to the provisions of 42 U.S.C. section 1988, Plaintiffs are entitled to an award of reasonable attorneys' fees and costs according to proof.

56. SNIFF and the DOE supervisory defendants acted recklessly, with conscious indifference to ESPINOZA's constitutional rights and should be assessed punitive damages, according to proof.

## FOURTH CLAIM FOR RELIEF FOR NEGLIGENCE
## AGAINST ALL INDIVIDUAL DEFENDANTS

57. Plaintiffs restate Paragraphs 1 through 56 of this Complaint and incorporate the allegations therein by reference as though fully set forth herein.

58. In acting or failing to act as alleged herein, SNIFF and the individual and supervisory DOE defendants failed to deliberate and consider policy decisions involving a conscious balancing of risks and advantages to their actions or inactions.

59. SNIFF and the individual and supervisory DOE defendants failed to exercise reasonable and ordinary care to ensure: (1) reasonable security to protect the security of inmates; (2) adequate monitoring of inmates; (3) prompt and proper medical and mental health care to inmates; (4) proper classification, and housing

of inmates; and, (5) adequate protection of inmates against violence from other inmates.

60. As a proximate result of this failure to exercise reasonable care, Plaintiffs suffered injury as alleged herein.

WHEREFORE, Plaintiffs pray for relief as follows:

1. For general damages according to proof;

2. For past, present and future special damages according to proof;

3. For other losses in an amount according to proof;

4. For costs of suit and reasonable attorneys' fees permitted pursuant to 42 U.S.C, §1988;

5. For exemplary damages against individual defendants where appropriate; and

6. For such further relief as the court may deem just and equitable.

Dated: January 14, 2014     LAW OFFICES OF MARK E. OVERLAND

By _____
Mark E. Overland
Attorney for Plaintiff
WILLIAM RAY ESPINOZA


LAW OFFICES OF DOUGLAS G. GRAY

By: _____
Douglas G. Gray
Attorney for Plaintiffs
ISABEL M. LOPEZ
WILLIAM ESPINOZA, JR.
ANGELA ESPINOZA
TERESA RICO
ISABEL LOPEZ

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## CIVIL COVER SHEET

**I. (a) PLAINTIFFS** ( Check box if you are representing yourself ☐ )

William Ray Espinoza, Isabel M. Lopez, William Espinoza, Jr., Angela Espinoza, Teresa Rico and Isabel Lopez

**DEFENDANTS** ( Check box if you are representing yourself ☐ )

Stanley Sniff, County of Riverside, Riverside County Sheriff's Department and Does 1-10

**(b) County of Residence of First Listed Plaintiff**  Los Angeles
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**County of Residence of First Listed Defendant**  Riverside
*(IN U.S. PLAINTIFF CASES ONLY)*

**(c) Attorneys** *(Firm Name, Address and Telephone Number)* If you are representing yourself, provide the same information.

MARK E. OVERLAND    (310) 459-2830
Law Offices of Mark E. Overland
100 Wilshire Blvd., Ste 950
Santa Monica, CA 90401

**Attorneys** *(Firm Name, Address and Telephone Number)* If you are representing yourself, provide the same information.

UNKNOWN

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

- ☐ 1. U.S. Government Plaintiff
- ☒ 3. Federal Question (U.S. Government Not a Party)
- ☐ 2. U.S. Government Defendant
- ☐ 4. Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐1 | ☐1 | Incorporated or Principal Place of Business in this State | ☐4 | ☐4 |
| Citizen of Another State | ☐2 | ☐2 | Incorporated and Principal Place of Business in Another State | ☐5 | ☐5 |
| Citizen or Subject of a Foreign Country | ☐3 | ☐3 | Foreign Nation | ☐6 | ☐6 |

**IV. ORIGIN** (Place an X in one box only.)

- ☒ 1. Original Proceeding
- ☐ 2. Removed from State Court
- ☐ 3. Remanded from Appellate Court
- ☐ 4. Reinstated or Reopened
- ☐ 5. Transferred from Another District (Specify)
- ☐ 6. Multi-District Litigation

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes ☐ No  (Check "Yes" only if demanded in complaint.)

**CLASS ACTION under F.R.Cv.P. 23:** ☐ Yes ☒ No    ☒ **MONEY DEMANDED IN COMPLAINT:** $ According to proof

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

42 USC 1983. Unconstitutional treatment of inmate.

**VII. NATURE OF SUIT** (Place an X in one box only).

| OTHER STATUTES | CONTRACT | REAL PROPERTY CONT. | IMMIGRATION | PRISONER PETITIONS | PROPERTY RIGHTS |
|---|---|---|---|---|---|
| ☐ 375 False Claims Act | ☐ 110 Insurance | ☐ 240 Torts to Land | ☐ 462 Naturalization Application | **Habeas Corpus:** | ☐ 820 Copyrights |
| ☐ 400 State Reapportionment | ☐ 120 Marine | ☐ 245 Tort Product Liability | ☐ 465 Other Immigration Actions | ☐ 463 Alien Detainee | ☐ 830 Patent |
| ☐ 410 Antitrust | ☐ 130 Miller Act | ☐ 290 All Other Real Property | | ☐ 510 Motions to Vacate Sentence | ☐ 840 Trademark |
| ☐ 430 Banks and Banking | ☐ 140 Negotiable Instrument | **TORTS PERSONAL INJURY** | **TORTS PERSONAL PROPERTY** | ☐ 530 General | **SOCIAL SECURITY** |
| ☐ 450 Commerce/ICC Rates/Etc. | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 535 Death Penalty | ☐ 861 HIA (1395ff) |
| ☐ 460 Deportation | | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | **Other:** | ☐ 862 Black Lung (923) |
| ☐ 470 Racketeer Influenced & Corrupt Org. | ☐ 151 Medicare Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 540 Mandamus/Other | ☐ 863 DIWC/DIWW (405 (g)) |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Vet.) | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 550 Civil Rights | ☐ 864 SSID Title XVI |
| ☐ 490 Cable/Sat TV | | ☐ 340 Marine | **BANKRUPTCY** | ☐ 555 Prison Condition | ☐ 865 RSI (405 (g)) |
| ☐ 850 Securities/Commodities/Exchange | ☐ 153 Recovery of Overpayment of Vet. Benefits | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 560 Civil Detainee Conditions of Confinement | **FEDERAL TAX SUITS** |
| ☐ 890 Other Statutory Actions | ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | **FORFEITURE/PENALTY** | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 891 Agricultural Acts | ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 871 IRS-Third Party 26 USC 7609 |
| ☐ 893 Environmental Matters | | ☒ 360 Other Personal Injury | ☐ 440 Other Civil Rights | ☐ 690 Other | |
| ☐ 895 Freedom of Info. Act | ☐ 195 Contract Product Liability | ☐ 362 Personal Injury-Med Malpractice | ☐ 441 Voting | **LABOR** | |
| ☐ 896 Arbitration | ☐ 196 Franchise | ☐ 365 Personal Injury-Product Liability | ☐ 442 Employment | ☐ 710 Fair Labor Standards Act | |
| ☐ 899 Admin. Procedures Act/Review of Appeal of Agency Decision | **REAL PROPERTY** | ☐ 367 Health Care/Pharmaceutical Personal Injury Product Liability | ☐ 443 Housing/Accomodations | ☐ 720 Labor/Mgmt. Relations | |
| | ☐ 210 Land Condemnation | | ☐ 445 American with Disabilities-Employment | ☐ 740 Railway Labor Act | |
| ☐ 950 Constitutionality of State Statutes | ☐ 220 Foreclosure | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 446 American with Disabilities-Other | ☐ 751 Family and Medical Leave Act | |
| | ☐ 230 Rent Lease & Ejectment | | ☐ 448 Education | ☐ 790 Other Labor Litigation | |
| | | | | ☐ 791 Employee Ret. Inc. Security Act | |

**FOR OFFICE USE ONLY:**    Case Number: EDCV14-85

CV-71 (11/13)    CIVIL COVER SHEET    Page 1 of 3

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
**CIVIL COVER SHEET**

**VIII. VENUE:** Your answers to the questions below will determine the division of the Court to which this case will most likely be initially assigned. This initial assignment is subject to change, in accordance with the Court's General Orders, upon review by the Court of your Complaint or Notice of Removal.

| Question A: Was this case removed from state court?<br>☐ Yes  ☒ No<br><br>If "no," go to Question B. If "yes," check the box to the right that applies, enter the corresponding division in response to Question D, below, and skip to Section IX. | STATE CASE WAS PENDING IN THE COUNTY OF: | INITIAL DIVISION IN CACD IS: |
|---|---|---|
| | ☐ Los Angeles | Western |
| | ☐ Ventura, Santa Barbara, or San Luis Obispo | Western |
| | ☐ Orange | Southern |
| | ☐ Riverside or San Bernardino | Eastern |

| Question B: Is the United States, or one of its agencies or employees, a party to this action?<br>☐ Yes  ☒ No<br><br>If "no," go to Question C. If "yes," check the box to the right that applies, enter the corresponding division in response to Question D, below, and skip to Section IX. | If the United States, or one of its agencies or employees, is a party, is it: | | INITIAL DIVISION IN CACD IS: |
|---|---|---|---|
| | A PLAINTIFF?<br>Then check the box below for the county in which the majority of DEFENDANTS reside. | A DEFENDANT?<br>Then check the box below for the county in which the majority of PLAINTIFFS reside. | |
| | ☐ Los Angeles | ☐ Los Angeles | Western |
| | ☐ Ventura, Santa Barbara, or San Luis Obispo | ☐ Ventura, Santa Barbara, or San Luis Obispo | Western |
| | ☐ Orange | ☐ Orange | Southern |
| | ☐ Riverside or San Bernardino | ☐ Riverside or San Bernardino | Eastern |
| | ☐ Other | ☐ Other | Western |

| Question C: Location of plaintiffs, defendants, and claims? (Make only one selection per row) | A.<br>Los Angeles County | B.<br>Ventura, Santa Barbara, or San Luis Obispo Counties | C.<br>Orange County | D.<br>Riverside or San Bernardino Counties | E.<br>Outside the Central District of California | F.<br>Other |
|---|---|---|---|---|---|---|
| Indicate the location in which a majority of plaintiffs reside: | ☒ | ☐ | ☐ | ☐ | ☐ | ☐ |
| Indicate the location in which a majority of defendants reside: | ☐ | ☐ | ☐ | ☒ | ☐ | ☐ |
| Indicate the location in which a majority of claims arose: | ☐ | ☐ | ☐ | ☒ | ☐ | ☐ |

**C.1.** Is either of the following true? If so, check the one that applies:

☐ 2 or more answers in Column C

☐ only 1 answer in Column C and no answers in Column D

Your case will initially be assigned to the
SOUTHERN DIVISION.
Enter "Southern" in response to Question D, below.

If none applies, answer question C2 to the right. ➡

**C.2.** Is either of the following true? If so, check the one that applies:

☒ 2 or more answers in Column D

☐ only 1 answer in Column D and no answers in Column C

Your case will initially be assigned to the
EASTERN DIVISION.
Enter "Eastern" in response to Question D, below.

If none applies, go to the box below. ⬇

Your case will initially be assigned to the
WESTERN DIVISION.
Enter "Western" in response to Question D below.

| Question D: Initial Division?<br>Enter the initial division determined by Question A, B, or C above: ➡ | INITIAL DIVISION IN CACD |
|---|---|
| | EASTERN |

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
**CIVIL COVER SHEET**

**IX(a). IDENTICAL CASES:** Has this action been previously filed **in this court** and dismissed, remanded or closed? ☒ NO ☐ YES

If yes, list case number(s): _____

**IX(b). RELATED CASES:** Have any cases been previously filed **in this court** that are related to the present case? ☒ NO ☐ YES

If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:

(Check all boxes that apply)  ☐ A. Arise from the same or closely related transactions, happenings, or events; or

☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or

☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or

☐ D. Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

**X. SIGNATURE OF ATTORNEY**
**(OR SELF-REPRESENTED LITIGANT):** _Mark E. [signature]_    DATE: _1/14/14_

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet).

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405 (g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

NOTICE OF ASSIGNMENT TO UNITED STATES JUDGES

This case has been assigned to District Judge     Jesus G. Bernal     and the assigned Magistrate Judge is     Sheri Pym    .

The case number on all documents filed with the Court should read as follows:

**5:14CV85 JGB SPx**

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge.

Clerk, U. S. District Court

January 14, 2014                         By   J.Prado
        Date                                   Deputy Clerk

---

NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

**Subsequent documents must be filed at the following location:**

| ☐ Western Division | ☐ Southern Division | ☒ Eastern Division |
|---|---|---|
| 312 N. Spring Street, G-8 | 411 West Fourth St., Ste 1053 | 3470 Twelfth Street, Room 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701 | Riverside, CA 92501 |

**Failure to file at the proper location will result in your documents being returned to you.**

---

CV-18 (08/13)              NOTICE OF ASSIGNMENT TO UNITED STATES JUDGES